## SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF NEW-YORK,

IN MAY TERM, 1830, IN THE FIFTY-FOURTH YEAR OF OUR INDEPENDENCE.

---

[Continued from volume fourth.]

---

## THE PEOPLE *vs.* ABNER B. PHELPS.

In an indictment for *perjury* by an *insolvent debtor*, in the oath taken by him on presenting his petition and the inventory of his estate required by the statute, it is not necessary to set forth the facts which give jurisdiction to the officer, as is done in pleading a discharge in a civil suit; it is enough to aver that the officer had lawful and competent authority to administer the oath.

The truth of such averment must be shewn on the trial.

Nor is it necessary, where the perjury consists in *omitting* to set forth in the inventory property belonging to the insolvent, to spread out in the indictment the *inventory* exhibited to the officer, or to state the substance thereof; it is sufficient to aver that with the papers presented to the officer, was one purporting to be a full and just inventory of all the estate, both real and personal in law and equity, of the insolvent.

The indictment is good if, after averring that the officer had competent authority to administer the oath, and alleging the presentation of the inventory, and that at the same time an oath or affidavit in writing was exhibited, in the words prescribed by the statute, setting forth the same or the substance thereof, and that the insolvent was sworn to the truth of the same, *it is charged* that the inventory is not in all respects just and true, and the particulars are specified in which the falsity consists, as that $3500 in goods, wares and merchandise, in the hands of G. M. & Co., merchants in Philadelphia, were knowingly and fraudulently left out of the inventory, and that the insolvent had disposed of the same for the future benefit of

NEW-YORK,
May, 1830.

The People
v.
Phelps.

himself or his family, and with the intent to defraud his creditors, and fraudulently to obtain the benefit of the act.

Where some of the words in the prescribed form are omitted in the affidavit, they may be supplied by an *innuendo.*

The only effect of the revised statutes upon offences committed previous to those statutes going into operation is, that the proceedings in prosecutions for such offences must be conducted according to the provisions of those statutes ; if the punishment for such offences is mitigated by those statutes, such mitigated punishment only can be applied.

The rule laid down in the second section of the act to prevent perjury, 1 *R. L.* 171, as to what *need not* be stated in an indictment, adopted by the court as a correct exposition of the provision of the revised statutes, that no indictment shall be deemed invalid " by reason of any defect or imperfection in *matter of form,* which shall not tend to the prejudice of the defendant ; wherefore an indictment is good if it contain the substance of the offence, with the circumstances necessary to render it intelligible, and to inform the defendant of the allegations against him.

CONVICTION for perjury. The indictment stated that on the 26th October, 1829, Abner B. Phelps, late of, &c. presented to the Hon. Richard Riker, then being the recorder of the city of New-York, and authorized to receive petitions under the *act to abolish imprisonment for debt in certain cases,* passed April 7, 1819, and the several acts relative to insolvent *debtors* therein referred to, a petition, (as well in his individual capacity as in the capacity of the partner of Elias Warner,) therein represented as being then actually an inhabitant within the said city, setting forth his insolvency and praying that his estate might be assigned for the benefit of his creditors, and that his person might be exempted from arrest and imprisonment ; that upon presenting such petition, Phelps delivered to the recorder certain papers purporting to be an account of his creditors, and the money them respectively (omitting the words *owing to,* supplied however by an innuendo, thus, " meaning the money *owing to* them respectively") by the said insolvent, the place of residence of the creditors, &c. and also a full, just and true inventory of all the estate, both real and personal in law and equity, of him the insolvent, and of all the books, &c. relating to the same ; that on the day of presenting the petition, Phelps unlawfully, wickedly and maliciously intending to injure one J. H. and sundry others of his creditors, and wrongfully, fraudulently and unlawfully to obtain *the benefit of the*

*said insolvent law*, produced and exhibited to the recorder a certain oath and affidavit in writing, and then and there, before the said recorder, was duly sworn, and took his corporal oath concerning the truth of the matters *contained in the* said oath and affidavit, averring that the recorder, by virtue of the said act, had lawful and competent power and authority to administer the oath and to take and receive the affidavit of Phelps in that behalf; and that the said Phelps being so sworn, and not having, &c. and being moved and seduced, &c. and *not regarding* the said acts, but fraudulently, wickedly and corruptly devising to suppress and avoid a full and true disclosure of his estate and effects, and to subvert the truth itself, did then and there, in and by his said oath and affidavit, upon his oath aforesaid before the said recorder, falsely, corruptly, knowingly, wilfully, maliciously, and wickedly say, depose and swear, (among other things,) in substance and to the effect following, to wit : " I, Abner B. Phelps, &c. (setting forth the affidavit prescribed to be taken by insolvents, with proper innuendoes,) as by the said oath and affidavit, and said petition with the said papers, so purporting as aforesaid, thereto annexed, filed *in* the office of the said Richard Riker, recorder as aforesaid, at, &c. more fully appears ; *whereas in truth and in fact the said papers* so purporting to be a full, just and true account of all the creditors of him the said Abner B. Phelps, &c. and also a full and just *inventory of all the estate both* real and personal in law and equity of him the said A. B. Phelps, &c. and so produced and delivered to the said recorder, and so referred to by the said A. B. Phelps, in his said oath and affidavit, as containing an account of his creditors, &c. and the inventory of his estate, &c. *were not in all respects just and true*, as the said A. B. Phelps well knew at the time he took and made said oath and affidavit in manner aforesaid, *for that* the said A. B. Phelps was interested in and owned individually and as the partner of Elias Warner, the following estate and property, to wit, $3,500 in goods, wares and merchandize in the hands of G. M. & Co., merchants in Philadelphia ; also sundry trunks of dry goods, jewelry and hardware found in a dwelling house lately occupied by him

in Elizabeth-street, in the city of New-York, of the value of $1000; also sundry goods in a store in Chatham-street of the value of $2000, and also sundry trunks of dry goods in the house of one J. B. of Troy of the value of $900; also sundry other goods, wares and merchandize; also sundry notes of hand due from the said J. B. of the value of $900, and money, bonds, notes of hand, bills of exchange and debts due said Phelps and said Phelps and Warner of the value of $1000, *all which was knowingly and fraudulently by said Phelps left out of his aforesaid inventory and papers referred to in said oath and affidavit."* Then followed an averment that the papers purporting to be a full and just inventory of the estate, &c. of the insolvent, referred to in his affidavit, were not a just and true inventory of all such parts of the goods, wares, merchandize, money, estate and effects of the said insolvent individually and as a partner of Warner, as were at the time of presenting the said papers to the recorder, in the custody, possession, power or knowledge of him the said insolvent, *for that* the said insolvent was then and there interested in a large part and proportion of the estate and property above enumerated, and other property consisting of dry goods, merchandize and debts due to a large amount, to wit, $1000 and up wards; and had for the future benefit of himself or his family, disposed of and made over a part of his personal estate, to wit, money, notes of hand, goods, wares and merchandize, above enumerated, of the value of $5000; (not being necessary wearing apparel, &c.) with the intent to defraud his creditors, and with a view fraudulently to obtain the benefit of the said act; *concluding* that Phelps in his oath and affidavit aforesaid did knowingly, falsely, maliciously, wilfully and corruptly commit wilful and corrupt perjury in and upon points and things material to his obtaining the benefit of the said act, to the great displeasure, &c. in contempt, &c. to the evil example, &c. and contrary to the form of the statutes, &c.

The defendant was tried at the New-York general sessions and convicted, and the case was brought up for the advice of this court upon the sufficiency of the indictment.

*H. Maxwell & W. M. Price,* for defendant. The averments in the indictment are not sufficient to shew that the recorder had jurisdiction to administer the oath alleged to be false; it is not averred that the defendant was an *inhabitant* of the city of New-York, it is only stated that it was so represented, and this representation perhaps applies more properly to *Warner,* the partner of Phelps, than to Phelps. 1 *Hawkins,* c. 69, § 3. 2 *Mass. R.* 444.   10 *Johns. R.* 169.   6 *Cowen,* 224.

The inventory presented to the recorder ought to have been set out in the indictment, so as to have enabled the the court to judge, whether the property alleged to have been omitted to be stated in the same was in fact omitted.   Where the crime or injury grows out of a written instrument, such instrument must be stated either in *hæc verba* or substantially; in this case neither is done, and the assignment of perjuries has no foundation to rest upon. 1 *Chitty's Cr. Law,* 172, 296.   *Cowp.* 683.   2 *Campb.* 134.   1 *Starkie's Cr. Pl.* 83, 90, 91.   *Archbold's Cr. Pl.* 315.   2 *Chitty's Cr. Pl.* 342, to 420, *precedents.*   The statute, 1 *R. L.* 171, allows the substance of the offence to be set forth, together with proper averments to falsify the matter wherein the perjury is assigned.   Here in the charging part of the indictment there is no averment that the defendant was possessed of the property alleged to have been omitted in the inventory.   It is found in the negating part of the indictment, but not in the charging part.   As well might the defendant have been chaged with false swearing generally in obtaining his discharge.   Besides, the averment is too vague and general; it is that the defendant knowingly and fraudulently left out of his inventory certain of his estate and property, to wit, $3,500 in goods, wares and merchandize in the hands of G. M. & Co., also sundry trunks of dry goods, &c. in a dwelling house lately occupied by him, also sundry other goods, &c. also sundry notes of hand, &c. and money, bonds, &c.   If there be several charges embraced in one count and one charge is insufficient, the whole is bad.   5 *T. R.* 653.   2 *Maule & Sel.* 380.   1 *Carr. & Payne,* 608.   11 *Mass. R.* 93.   5 *Co.* 35. 1 *Vent.* 272.   4 *Burr.* 2455.   2 *Hale's P. C.* 194.   4 *Serg.*

*& Rawle,* 194. If a general averment like the present be sufficient to charge a defendant, no prudent man will dare to incur the hazard of the charge of perjury by asking for a discharge under our insolvent laws.

The omission in the affidavit of the words *owing to* could not be supplied by *innuendo;* it should have been by *averment.* An innuendo improperly used vitiates the whole indictment. 4 *Coke,* 28. 1 *Dougl.* 300. *Archbold's C. P.* 287. 1 *Starkie's Cr. Pl.* 109. And this defect is not cured by the revised statutes; the offence charged having been committed before those statutes went into operation.

The indictment contains two distinct offences, differing in character and the punishment allotted to them, viz. perjury and the fraudulent concealment of property. Distinct offences cannot be charged in one count. 2 *Mass. R.* 163.

*O. Hoffman, (district attorney,)* and *S. P. Staples,* for the people. There is enough alleged to give the recorder jurisdiction : it is stated that the defendant was an inhabitant of the city ; that he presented his petition for a discharge under an insolvent law to the recorder, he being authorized to receive petitions under the act to abolish imprisonment for debt in certain cases, and made oath before him ; and it is expressly averred that the recorder had competent authority to administer the same. 1 *R. L.* 171. 3 *Campb.* 432. Besides, if on the trial it appeared that the officer had not competent jurisdiction to administer the oath, the objection might then be taken.

The facts alleged in the indictment, together with a reference to the papers of the defendant himself in the office of the recorder, were sufficient to apprize him of the nature of the charge, and to enable him to come prepared for his defence. The specifications of falsity are sufficiently definite. This is not like cases of larceny, where the property can be specified with certainty ; and therefore the rule governing in such cases does not apply. An averment that the inventory is not just and true, with specifications of falsity, such as are contained in this indictment, must of necessity be sufficient, or a defendant may commit perjury with impunity in his applica-

tion for a discharge. Besides, if the specification be too general, the party may object to it at the trial ; but the indictment will not for such cause be held bad. *Russell on Crimes,* 782, *n.*

The words omitted in the affidavit could be supplied only by *innuendo.* 2 *Chitty's Cr. Pl.* 310. 1 *Campb.* 404. *Russell on Crimes,* 788. Besides, the indictment does not profess to set forth the oath in *hæc verba.* 2 *Chitty's Cr. L.* 344. Two distinct offences are not charged in the indictment ; the fraudulent concealment of the property is but an enlargement of the charge of falsity in the inventory.

All defects in form in the indictment are cured by the *Revised Statutes,* 2d vol. 779, § 7. *id.* 728, § 52.

*By the Court,* SAVAGE, Ch. J. It is objected that the indictment does not contain an averment of the facts necessary to give jurisdiction to the recorder to administer an oath.

The act to prevent perjury, 1 *R. L.* 171, contains a definition of the offence, and states what shall be the substance of the indictment : any person who, by his own act or consent, shall wilfully and corruptly swear falsely before any court or person having competent authority to administer the oath, shall be adjudged guilty of wilful and corrupt perjury.

The second section of this act prescribes, " that in every information or indictment to be prosecuted against any person for wilful and corrupt perjury, either at the common law or upon this act, it shall be sufficient to set forth the substance of the offence charged upon the defendant, and by what court, or before whom the oath was taken, averring such court or person to have a competent authority to administer the same, together with proper averments to falsify the matter wherein the perjury is assigned, without setting forth any part of any record or proceedings, either in law or equity, other than as aforesaid, and without setting forth the commission or authority of the court or person before whom the perjury was committed." This section is substantially the same as the statute, 23d *George 2d, ch.* 11. Before that statute, it seems indictments were prolix, reciting the organization of the court before which the perjury was alleged to

have been committed; and also the whole of the proceedings. The statute was intended to relieve the public prosecutor from the difficulties attending that mode of proceeding. 2 *Chitty's Cr. Law*, 307. 5 *T. R.* 317. 2 *Maule and Sel.* 385. By the English decisions, since the statute, it is only necessary to state the substance of the offence, the name of the court, a simple averment of the court's authority to administer the oath, and proper averments of the falsity of the defendant's assertions; unnecessary prolixity is censured. 2 *Chitty's Cr. L.* 307, *and cases there cited.* It was not necessary, therefore, to set forth the facts which gave jurisdiction to the recorder to administer the oath, as it is when the defendant is pleading a discharge, granted under our insolvent laws. But if it were necessary to state such facts, it is sufficiently done in the indictment before us. It states that the defendant presented to the recorder "a certain petition of him the said A. B. Phelps, (as well in his individual capacity as in the capacity of the partner of Elias Warner,) therein represented as being then actually an inhabitant within the said city." It is objected that Elias Warner and not Abner B. Phelps is represented as being an inhabitant; but matter stated in a parenthesis saves the rule of grammar which refers to the last antecedent, 1 *Chitty's Cr. L.* 173, and rejecting the words in the parenthesis, it is plainly stated that Abner B. Phelps, and not Elias Warner, was represented as being an inhabitant of the city of New-York, If it were necessary therefore to state the facts giving jurisdiction to the recorder, such facts are sufficiently averred. However, jurisdiction is sufficiently shewn by the averment that the recorder had lawful and competent power and authority to administer the oath; the truth of such averment must appear on the trial.

It is also objected that the matters upon which the falsity is alleged are not set forth in the indictment; that is, that the inventory charged to be false is not set forth at large. The statute says it shall be sufficient to set forth "the substance of the offence charged upon the defendant." The rule laid down by Lord Mansfield, *King* v. *Aylett,* 2 *T. R.* 69, is this: it is necessary in every crime that the indictment charge it

with certainty and precision to be understood by every body; alleging all the requisites which constitute the offence; and *Chitty* adds, that every averment must be so stated that the party accused may know the general nature of the crime of which he is accused. 1 *Chitty's Cr. L.* 172. In the *King* v. *Aylett*, Lord Mansfield had decided that the statute of 23*d George* 2*d, ch.* 11, was *only intended* to obviate the difficulties in stating the whole record of the trial on which the perjury had been committed. If it is not necessary to set forth the record of the trial on which the perjury was committed, it cannot be necessary to set forth the proceedings before the recorder (which are in the nature of a record,) farther than to apprize the defendant of the nature of the crime of which he is accused.

The indictment avers that with the papers presented to the recorder, was one purporting to be " a full and just inventory of all the estate, both real and personal in law and equity, of him, the said Abner B. Phelps." It also avers that he produced a certain oath and affidavit in writing, to the truth of which he was sworn. The oath is then set out in the words prescribed by the statute, in which he swears that the inventory of his estate is in all respects just and true; and that he had not disposed of any part of it for the future benefit of himself or family, or in order to defraud his creditors, or to obtain the benefit of the act, &c. The indictment charges the oath in general terms to be false in every particular; and specifies the falsity in regard to the inventory to be that $3500 worth of goods in Philadelphia; sundry other goods found in the late dwelling house of the accused of the value of $1000; goods in a store in Chatham street of the value of $2000; and certain goods in Troy of the value of $900, which were owned by the defendant individually, or as a partner of Warner, were knowingly and fraudulently left out of his inventory; and that he had disposed of the same for the future benefit of himself or his family, and with intent to defraud his creditors, and fraudulently to obtain the benefit of the act. In my opinion, there can be no doubt that this indictment is sufficiently certain. The defendant was informed with all necessary precision of the nature of

NEW-YORK, the charge not only, but also of the facts and circumstances
May, 1830. which would be adduced in evidence to support it.

The People    ' As to the objection, that the indictment contained a charge
v.        of two *distinct* offences, one for perjury and one for conceal-
Phelps.    ing goods to defraud creditors, it is not necessary to en-
quire whether the indictment would be vicious, supposing it
to be so ; but the fact is not so : the concealment of the
goods is stated as the fact, shewing the falsity of the defend-
ant's oath.

It is further objected that the word "owing" having been
omitted in the oath cannot be supplied by innuendo.    The of-
fice of an innuendo is to explain what has been before stated.
The affidavit could not be understood in any other manner
than as explained by the innuendo ; it is therefore not objec-
tionable.

We are therefore of opinion that as the law stood before the
first of January last, the indictment is good.

A question has been made as to the application of the re-
vised statutes to this case.    The offence was committed be-
fore they took effect, and the indictment and trial were sub-
sequent.    The *sixth* and *seventh* sections of the repealing act
of December 10, 1828, 2 *R. S.* 779, are substantially as fol-
lows : That no offence committed previous to the time when
any statutory provision shall be repealed, shall be affected by
such repeal, except that where the punishment shall be mit-
igated by the revised statutes, such mitigated punishment
shall be applicable, though the offence was committed before
that time ; and that no prosecution, pending at the time of
such repeal, shall be affected by it, except that the proceed-
ings had after the revised statutes take effect shall be con-
ducted according to their provisions.    And by the article
" of indictments and proceedings thereon," 2 *R. S.* 728, §
52, no indictment shall be deemed invalid, by reason of several
defects therein enumerated, or, "*by reason of any other defect or
imperfection in matters of form which shall not tend to the preju-
dice of the defendant.*"

If this provision is applicable to this case, there can be no
doubt but that the indictment is valid ; and that these stat-
utes do operate upon this case there can be no question.

The character of the offence remains as it was when committed, and the punishment cannot be enhanced by any act taking effect subsequently ; but the proceedings must be conducted under the revised statutes. The prosecution was commenced and carried on since the first of January, and during that period the revised statutes and no other were in force. Offences committed under the old statutes were liable to certain punishments, and no greater can be inflicted ; but the prosecution must be conducted by virtue of the statutes in force when the proceedings are had. There is no provision in the repealing act, that the prosecution shall be conducted under the old statutes for offences committed under them, but that all proceedings had after the revised statutes take effect shall be conducted according to the provisions of those statutes ; and shall be in all respects subject to them.

Thus far this case has been considered as though the second section of the act to prevent perjury, 1 *R. L.* 171, had been incorporated into the revised statutes, because so it was considered on the argument before us, Such, however, is not the fact ; that section is omitted in the revision. The indictment therefore must be such as that it would be held substantially good at *common law*, applying to it the provision in the revised statutes already quoted, which declares that no indictment shall be deemed invalid " *by reason of any defect or imperfection in matter of form which shall not tend to the prejudice of the defendant.*" 2 *R. S.* 728, § 52. The question then arises what is matter of substance, and what matter of form. Probably no more correct rule can be laid down than that adopted by the statute of *23d George 2, ch.* 11. It shall be sufficient to set forth the substance of the offence charged, by what court, or before whom the oath was taken, (averring such court or person to have competent authority to administer the same,) together with the proper averments to falsify the matter in which the perjury is assigned. So much seems to be considered *matter of substance*—and what follows *matter of form*, to wit, without setting forth the pleadings, record or proceedings, other than as above, and without setting forth the commission or authority of the court.

The *substance* of the charge is intended in opposition to its details; and therefore it is sufficient, if all the circumstances necessary to describe and render the charge intelligible in its legal requisites appear on the face of the proceedings. 2 *Chitty's Cr. L.* 307. In the *King* v. *Dowlin,* 5 *T. R.* 318, Lord Kenyon has given us his understanding of the *substance* of the offence, in contradistinction to its *detail,* and which corresponds with the above definition. He also adds, that it was never necessary to set forth the proceedings shewing the materiality of the question on which the perjury is assigned, it having always been sufficient to allege, generally, that the particular question became a material question. These remarks were made in a case arising under the statute where the substance only is necessary to be stated. They are, therefore, applicable to indictments under our revised statutes, where objections can only be taken to defects in substance, and not to matters of form, unless they tend to the prejudice of the defendant. The indictment in this case contains the substance of the offence, with the circumstances necessary to render it intelligible, and to inform the defendant of the allegations against him. The indictment is therefore good, either under the old or the new statutes; and the general sessions are advised to render judgment upon the conviction.