## THE STATE *v.* NEWTON.

In an indictment for perjury committed before a justice of the peace, it is sufficient to aver, in relation to jurisdiction, that it was at a justice's court, held at the proper time and place, on an issue duly joined in his court, in a cause which came on to be tried in due form of law, and that the justice had sufficient authority to administer an oath; without alleging that the case, in which the perjury is charged to have been committed, was within the jurisdiction of the justice.

ERROR, *to Johnson District Court.*

The indictment in this case was found in the district court of Cedar county, and the venue was changed to Johnson county. The statement of the case, like most of the others reported, is sufficiently set forth in the opinion of the court.

*John P. Cook,* prosecuting attorney, for the state. This cause came on to be heard below upon motion of defendant to quash the indictment, for the reason that there was no averment in the indictment that the justice of the peace, before whom the perjury is alleged to have been committed, had jurisdiction of the matter then tried before him. This is the only question in the cause. We say, the court below erred in quashing the indictment and discharging the defendant. The prosecution was not bound to aver that the justice had jurisdiction. The court are bound to presume it. 6 Iredell, N. C., 9 ; 2 U. S. Dig., 521, refers to 5 Wend., 9 ; 3 U. S. Dig., 132, refers to 12 Mass., 274 ; 2 Russell on Crimes, 517, *note* (A) ; *Rev. Stat.*, 153, § 46 ; *ib.* 156, §§ 71, 72.

*R. P. Lowe,* for the defendant. It is not necessary for us to contend that, in an indictment for perjury, committed in the district courts of this state, it should be averred in the indictment that the court trying the cause where the perjury was committed had jurisdiction of such cause, because such court

The State *v*. Newton.

has general and original jurisdiction; but our magistrates' courts possess limited and special jurisdiction, circumscribed as to territory over which they preside, and restricted as to the amount they may adjudicate. If in either of these particulars they exceed their jurisdiction, their proceedings are void. If a man swear falsely in a cause, before a magistrate, over which he has no jurisdiction, it would not be perjury in law; for the whole proceeding would be a nullity.

In this case the court below quashed the indictment, because it did not aver that the magistrate had jurisdiction of the cause, in the trial of which the perjury is alleged to have been committed; and in this we say the court did not err. The doctrine in criminal pleading is well settled, that the indictment must set forth all the facts and circumstances, essential to show that an offense had been committed, in cases of perjury before magistrates. This is especially true, on account of their possessing limited and special jurisdiction. Without jurisdiction their proceeding would be extra-judicial. Upon their jurisdiction would depend the question whether perjury had been committed or not; hence jurisdiction is a fact which should be averred, and appear affirmatively in the indictment. See 9 Cowen, 30, 31; 3 John. Dig., 558; 12 Wend., 38.

The same thing has frequently been decided in New York, in action for slanders; if necessary in civil procedure, *a fortiori*, it would be in a criminal proceeding where the pleadings are always taken most strongly against the government. The question for decision in this case commences and ends with a principle of elementary pleading, and does not need further enlargement. The indictment shows rather a want of jurisdiction, than that the magistrate had jurisdiction of the cause in the trial of which the supposed perjury was committed.

*Opinion by* GREENE, J.  Indictment for perjury. A motion was made to quash the indictment, because it does not allege that the case in which the perjury is charged to have been committed, was within the jurisdiction of the justice before whom

11

the trial was had.   The motion having been granted by the
court below, the case is brought here to reverse that decision.
This is the only ground of error involved.   It is conceded that,
in every other particular, the indictment is sufficient.   Upon
the point of jurisdiction, it charges that, " at a justice's court,
held by William Hock, Esq., a justice of the peace in and for
the county of Cedar and state of Iowa, on the twenty-first day
of December, one thousand eight hundred and forty-six, a cer-
tain issue was duly joined in said court, between one James
Dunn, plaintiff, and Timothy J. Newton, defendant, in a cer-
tain action of assumpsit, &c., which said issue came on to be
tried before said court, &c., and that on the trial of said issue
the aforesaid Timothy J. Newton did then and there, &c.,
appear, and was produced as a witness for and on behalf of the
said James Dunn, and was then and there duly sworn, &c.,
which aforesaid justice and court then and there had sufficient
and competent authority to administer said oath," &c.   The
indictment charges the various points of perjury with much
particularity and precision; but does not, in form, aver that
the justice's court had jurisdiction of the cause in which the
oath was made.

Under the statute of 5 Elizabeth, c. 9, indictments for per-
jury were necessarily prepared with great prolixity, precision,
and technicality.   But frequent failures of prosecutions, in
consequence of mere formal defects, induced a relaxation of
those stringent rules, and brought about a more liberal and
reasonable practice.   By enactment of 23 Geo. II., it was de-
clared to be sufficient for an indictment for perjury to set forth
the substance of the offense; by what court the oath was ad-
ministered; averring such court to have competent authority
to administer the same, and the usual assignment of perjury,
or denial of the defendant's oath; without setting forth in
particular detail the proceedings of the trial in which the
alleged perjury was committed.   The spirit of this statute has
been either re-enacted or adopted in practice by most of the
states in this country.   Though it has been decided in one or
two states, that an indictment for perjury should distinctly and

The State *v.* Newton.

clearly set forth the facts, which show that the alleged false oath was taken in a judicial proceeding before a court of competent jurisdiction. *State* v *Gallimore,* 2 Iredell, N. C., 374. But, in a more recent decision, the same rigor has not been required. 6 Iredell, 9. In the case of *Commonwealth* v. *Knight,* 12 Mass. 275, it was decided to be unnecessary and unusual to aver in an indictment for perjury, that the justice before whom the oath was taken had jurisdiction of the case; that it is sufficient to aver, that an issue was duly joined in his court, and it came on to be tried in due form of law; and that he had competent authority to administer the oath in question. It must be apparent that the indictment in this case comes up fully to these requirements. This authority is so conclusively to the point, so well sustained by reason and policy, that it may be considered unnecessary to make farther reference or comment.

It has also been decided in New York, that in an indictment for perjury, it is not necessary to set forth the facts which give jurisdiction to the court or officer trying the case; and that it is enough to aver that he had lawful authority to administer the oath. *People* v. *Phelps,* 5 Wend., 9. And in Wharton's Am. Crl. Law, 474, we find that such an indictment need not show the nature of the authority of the party administering the oath. Thus showing, that a general averment of authority to do so, is all that should be required. Also in the case of *Respublica* v. *Newell,* 3 Yates, 407, it was decided that an indictment is sufficiently certain in averring that the party was sworn in due form of law. And in Russell on Cr., 517 *n.* (A), it is stated, "we find it laid down by the judges, that an indictment for perjury at common law does not require so much certainty as on the statute, and that it need not be in a court of record;" and cites 5 Mod., 348; 1 Sid., 106. The statute here referred to, is that of 5 Elizabeth; and the enactment of 23 George II. substantially adopted the common law regulations. Still, viewing this case upon common law principles alone, it must be conceded that the authorities which we have examined, as bearing upon this question, do

---

not altogether harmonize in supporting the sufficiency of the indictment; yet we think that a decided preponderance determines its correctness, both in form and substance. But, independent of common law regulations, the accuracy of the indictment is established beyond all doubt, by recurring to the 32nd section of the act defining crimes and punishments. *Rev. Stat.*, p. 171. It declares, "that in every indictment for perjury, it shall be sufficient to set forth the substance of the offense charged upon the defendant, and before what court or authority the oath or affirmation was taken, averring such court or authority to have full power to administer the same," &c. A decision under a similar statute may be found in *Halleck* v. *State*, 11 Ohio, 400.

The court having erred in quashing the indictment, the judgment is reversed, with costs, and the cause remanded.

Judgment reversed.

