State *vs.* Avery.

anything to say why the sentence of the law should not be pronounced upon him. *Held*, the observance of this formality is not essential, and particularly when no objection is made at the time to the passing of sentence.

APPEAL from the District Court for St. Landry.    HUDSPETH, J.

*Perrodin*, District Attorney, for the State.    *Baillio* for Defendant.

WHITE, J., delivered the opinion affirming the judgment.

## No. 1050.

APPEAL from the District Court for Assumption.    BEATTIE, J.

*J. L. Winder*, District Attorney, for the State.    *Guion* for Defendant.

DE BLANC, J., delivered the opinion reversing the judgment.

## No. 1063.

### THE STATE VS. DANIEL AVERY.

Objection that the petit jury was not drawn for each week of the term, and that the list as thus drawn was not published, must be made on the first day of the term.

In an indictment for perjury it is not essential that the averment should be in express terms that the court, wherein the perjury was committed, had jurisdiction of the matter then on trial, but it is sufficient to aver that an issue was joined, which came up for trial in due form of law, and the judge had competent authority to administer the oath in question.

State *vs.* Avery.

An objection that the style of the court before which the perjury was committed is not fully set forth must be made by demurrer to the bill or in a motion to quash.

It is not necessary that the proceedings, pleadings, and evidence should be set out in full in the indictment, but it is sufficient if the averment be made that the false swearing was upon a material question.

If the indictment charges that the oath was wilful, wicked, corrupt, and malicious, it is sufficient, and need not use the word "knowingly," or "knowing it to be false."

A verdict in a criminal prosecution need not be written, or if it should be written, need not be signed by the foreman of the jury or any body else.

APPEAL from the District Court for St. Landry. HUDSPETH, J.

*Perrodin*, District Attorney, for the State. *Baillio* for Defendant.

WHITE, J. The defendant having been indicted for perjury and having been convicted and sentenced appeals. He relies for reversal on the following grounds, some of which are assigned as errors on the face of the record and others of which were made the basis of a motion in arrest.

1st. The minutes do not show the service on him of a copy of the list of jurors drawn for each of the three weeks of the term of court. The minutes show the service on the accused of the list of the names of the petit jury drawn for the regular April term, 1879, the term at which the defendant was tried and convicted. The copy served is not in the record. The record showing the service of the list drawn, and the list or copy served not being before us, we must presume the copy to have been correct. The law requiring the jury to be drawn for each week and the list for each week to be so made out and published (Acts of 1877, p. 57), if the drawing and list were not as required by law they should have been objected to on the first day of the term. Acts of 1877, p. 58, sect. 11.

2d. That the minutes do not show that the defendant was present in court when the jury returned their verdict against him. The minutes do so show. They establish that the trial was commenced on the 13th of April, 1879, the prisoner being present at the bar. That without any adjournment the jury after deliberation returned their verdict finding " the prisoner at the bar guilty."

3rd. That it is not stated in the bill of indictment affirmatively that the crime charged against him was committed in the Parish of St. Landry or within one hundred yards of said Parish. The indictment charged " that at the Parish of St. Landry, on the 28th day of January,

1879, a certain issue was joined in the Eighth Judicial District Court in a certain action wherein the State of Louisiana was plaintiff and J. Johnson and Amos Avery were defendants, and the said issue was there tried in due form of law by a jury of the Parish of Saint Landry, * * * and upon the said trial upon the issue aforesaid the said David Avery did then appear and was produced as a witness on behalf of the said Amos Avery * * * and was then sworn,'' etc. We think these words sufficiently changed the venue and if not that objection came too late. R. S. 1064. In fact this objection as to time is equally applicable to all the other complaints against the indictment. We will however pass on them separately.

4th. That it is not stated in the indictment affirmatively and especially that at the time of the alleged offence that the Eighth District Court, which administered the oath and before which the testimony charged as perjured was given, had jurisdiction of the matter on trial and concerning which the purjury is predicated. We think the jurisdiction was properly stated in the indictment. Says Waterman in his Criminal Digest: '' It is sufficient to aver an issue was duly joined, that it came on in due form of law and the judge had competent authority to administer the oath in question, without expressly stating that the court had jurisdiction. p. 501, No. 61; 1 Iowa, 160; 12 Man. 274; 11 Ohio, 400; 5 Wendell, 9.

5th. That the style of the court before which the crime of perjury was alleged to have been committed is not set forth fully and specifically. If good, the objection should have been urged by demurrer or motion to quash before conviction. But it is not well taken, the indictment specifically giving the title of the court.

6th. That the nature of the proceedings, the pleadings and the trial and evidence are not fully set forth in the bill of indictment in order to make it appear that the oath was either required or authorized by law. These matters were not necessary. The indictment, after reciting, as we have already quoted, the prosecution before a competent court and the administration of the oath charged '' and thereupon on the trial of the said issue it became and was a material question in the same whether said Amos Avery had on the 12th day of June, 1878, remained and slept all night with said Daniel Avery at their own residence, and that thereupon the said Daniel Avery, being so sworn as aforesaid, devisingly and wickedly intending to cause

and procure a verdict to pass for him the said Amos Avery, the said Daniel Avery did then * * * upon the trial aforesaid before George W. Hudspeth, Judge presiding, falsely, maliciously, wilfully, wickedly and corruptly swore,'' etc.   This was an ample compliance with R. S. 858.

7. That the bill of indictment does not charge that the defendant swore to the matter on which the perjury was assigned knowing it to be false.   The indictment as we have seen charged the oath to have been wilful, wicked, corrupt and malicious, and although not using the word knowingly, was adequate R. S. 858.   The charge was in accordance with the statute.

8. That the indictment does not state or set out the substance and effect of the testimony charged to be false or its materialty.   It does both.

9. That the verdict which was written on the back of the indictment was not signed by the foreman.   Verdicts in criminal cases need not be written and as said by the Judge *a quo* the mere fact that the clerk wrote the finding of the jury on the indictment furnishes no ground for setting aside the verdict which was regularly rendered.

*Judgment affirmed.*